STATE v. BILLINGSLEY.

Opinion delivered December 15, 1900.

CARRYING WEAPONS—BOND FOR COSTS IN JUSTICE'S COURT.—Under Sand. & H. Dig., § 1502, which provides that "any justice of the peace in this state who, from his own knowledge or from legal information, knows, or has reasonable grounds to believe, any person guilty of a violation of the provisions of this act [against carrying weapons], and shall fail or refuse to proceed against such person, shall be deemed guilty of a non-feasance in office," etc. *Held*, that a justice of the peace cannot dismiss a proceeding under the act because the prosecuting witness failed to file a bond for costs. (Page 486.)

Appeal from Phillips Circuit Court.

HANCE N. HUTTON, Judge.

*Jeff Davis*, Attorney General, and *Chas. Jacobson*, for appellant.

HUGHES, J. On January 11, 1900, Louis Miller caused a warrant to be issued before a justice of the peace of Phillips county against Will Billingsley, charging him with carrying a

pistol.    When the cause came on for hearing before the magistrate, Billingsley filed a motion to require the prosecuting witness to give a bond for costs.    Before the motion was acted upon, the prosecuting attorney filed his information in due form, charging Billingsley with carrying a pistol, and thereupon the court overruled Billingsley's motion.    Upon trial Billingsley was found guilty, his fine assessed at $50, and he appealed to the circuit court.    In the circuit court Billingsley again filed his motion to dismiss the proceedings against him for want of a bond for costs, which motion was by the court sustained, and he was ordered discharged, and thereupon the prosecuting attorney, in behalf of the state, prayed an appeal to the supreme court, which was granted.

Section 2332, Sand. & H. Digest, provides that in all cases of prosecution less than a felony in courts of justices of the peace, the prosecutor shall enter into a bond with sufficient security for the payment of all costs which may accrue in said prosecution.    This statute was a part of the act of March 23, 1871.    On March 13, 1893, the legislature passed an act providing that wherever the prosecuting attorney shall file a written information or accusation before a magistrate that a criminal offense has been committed, it shall be the duty of the magistrate forthwith to issue a warrant for the arrest of such offenders, and such case shall proceed to trial without requirement of a bond for costs of such prosecution.    This statute was further broadened by the act of April 8, 1895, which authorized deputy prosecuting attorneys to have the power to file with any justice of the peace in his county information charging any person with carrying weapons unlawfully, and whereupon it became the duty of the justice of the peace to issue a warrant for the arrest of the offender, and no bond should be required for costs of the prosecution.

There is a section of the digest, being a part of the act of April 1, 1881, (Sand. & H. Dig., § 1502), that settles this question in this case.    That section of the digest provides: "Any justice of the peace in this state who, from his own knowledge or from legal information, knows, or has reasonable grounds to believe, any person guilty of a violation of the pro-

visions of this act [act against carrying weapons unlawfully], and shall fail or refuse to proceed against such person, shall be deemed guilty of a non-feasance in office, and, upon conviction thereof, shall be punished by the same fine and penalty provided in section 1501, and shall be removed from office." Section 1501 provides for a penalty of not less than $50 nor more than $200 for violation of the act. Without regard to a bond for costs, the justice of the peace was bound, under this section, to proceed in this case upon the legal information given him by the affidavit of the prosecuting witness. This section seems to have escaped the attention of the court below, and of the attorney general.

The judgment is reversed, and the cause is remanded, with directions to overrule the motion to dismiss, and to proceed to try the case.

BATTLE, J., did not participate.